46247-12

Date: May 21, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 29 2015
Abel Acosta, Clerk

Clerk of the Court
United States Supreme Court
1 First Street, N.E.
Washington, DC 20543

RE: Filing Of Writ of Certiorari


Dear Clerk,

    Enclosed, please find the Original of the "Writ of Certiorari, Motion For Leave To Proceed In Forma Pauperis, Affidavit or Declaration In Support of Motion For Leave To Proceed In Forma Pauperis and, Proof Of Service."

    Please file these documents and bring it to the immediate attention of the Court for any necessary proceedings to be had thereon.

    Please notify me of the Cause Number assigned to the case as soon as possible.

    Thank you in advance for your time and kind assistance in this very important matter.



Sincerely,

Hiram Miles
TDCJ-CID No.785448
W.P. Clements Unit
9601 Spur 591
Amarillo, Texas 79107-9606

c/file

No. _____


IN THE

SUPREME COURT OF THE UNITED STATES


HIRAM MILES  −  PETITIONER


VS.


TEXAS COURT OF CRIMINAL APPEALS − RESPONDENTS


DECLARATION OF FILING

I, Hiram Miles, TDCJ-CID No.785448 an inmate confined at the William P. Clements Unit of t he Texas Department of Criminal Justice − Correctional Institutions Division in Potter County Texas, certify that the Motion for Leave to Proceed In Forma Pauperis and Petition for a Writ of Certiorari were timely filed by depositing in the prison's internal mail system, first-class postage prepaid, on the 22nd day of May 2015, before the last day for filing and declare under the penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. §1746, addressed to:

Texas Court of Criminal Appeals        Fourth Court of Appeals
P.O. Box 12308,Capitol Station         300 Dolorosa,Suite 3200
Austin, Texas 78711                    San Antonio,Texas 78205

EXECUTED on May 21, _____,2015.        _____
                                              PETITIONER,PRO SE

No. _____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

__HIRAM MILES_____ — PETITIONER
(Your Name)

VS.

__TEXAS COURT OF CRIMINAL APPEALS_ RESPONDENT(S)

**PROOF OF SERVICE**

I, ____Hiram Miles_____, do swear or declare that on this date,
__May 22,_____, 20 _15_, as required by Supreme Court Rule 29 I have
served the enclosed MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
and PETITION FOR A WRIT OF CERTIORARI on each party to the above proceeding
or that party's counsel, and on every other person required to be served, by depositing
an envelope containing the above documents in the United States mail properly addressed
to each of them and with first-class postage prepaid, or by delivery to a third-party
commercial carrier for delivery within 3 calendar days.

The names and addresses of those served are as follows:

Texas Court of Criminal Appeals      Fourth Court of Appeals

P.O. Box 12308,Capitol Station       300 Dolorosa, Suite 3200

_Austin, Texas 78711_                San Antonio, Texas 78205-3037

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _May 21, 2015_____, 20 _15_

_Hiram Miles_____
(Signature)

No. _____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

HIRAM MILES — PETITIONER

(Your Name)

VS.

TEXAS COURT OF CRIMINAL APPEALS RESPONDENT(S)

MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The petitioner asks leave to file the attached petition for a writ of certiorari without prepayment of costs and to proceed *in forma pauperis*.

Please check the appropriate boxes:

☒ Petitioner has previously been granted leave to proceed *in forma pauperis* in the following court(s):

290th Judicial District Court,Bexar County Texas; 4th Court of

Appeals,San Antonio,Texas, U.S. District Court and 5th Circuit

☐ Petitioner has **not** previously been granted leave to proceed *in forma pauperis* in any other court.

☒ Petitioner's affidavit or declaration in support of this motion is attached hereto.

☐ Petitioner's affidavit or declaration is **not** attached because the court below appointed counsel in the current proceeding, and:

☐ The appointment was made under the following provision of law: _____

_____, or

☐ a copy of the order of appointment is appended.

_Hiram Miles_

(Signature)

# AFFIDAVIT OR DECLARATION
## IN SUPPORT OF MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

I, __Hiram Miles__ , am the petitioner in the above-entitled case. In support of my motion to proceed *in forma pauperis,* I state that because of my poverty I am unable to pay the costs of this case or to give security therefor; and I believe I am entitled to redress.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ n/a | $ n/a | $ n/a | $ n/a |
| Self-employment | $ n/a | $ n/a | $ n/a | $ n/a |
| Income from real property (such as rental income) | $ n/a | $ n/a | $ n/a | $ n/a |
| Interest and dividends | $ n/a | $ n/a | $ n/a | $ n/a |
| Gifts | $ n/a | $ n/a | $ n/a | $ n/a |
| Alimony | $ n/a | $ n/a | $ n/a | $ n/a |
| Child Support | $ n/a | $ n/a | $ n/a | $ n/a |
| Retirement (such as social security, pensions, annuities, insurance) | $ n/a | $ n/a | $ n/a | $ n/a |
| Disability (such as social security, insurance payments) | $ n/a | $ n/a | $ n/a | $ n/a |
| Unemployment payments | $ n/a | $ n/a | $ n/a | $ n/a |
| Public-assistance (such as welfare) | $ n/a | $ n/a | $ n/a | $ n/a |
| Other (specify): __Mom__ | $ 350.00 | $ n/a | $ 40.00 | $ n/a |
| **Total monthly income:** | $ 40.00 | $ | $ 40.00 | $ |

2. List your employment history for the past two years, most recent first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| n/a | n/a | n/a | $ n/a |
|  |  |  | $ |
|  |  |  | $ |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| n/a | n/a | n/a | $ n/a |
|  |  |  | $ |
|  |  |  | $ |

4. How much cash do you and your spouse have? $ 0.00
   Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| n/a | n/a | $ n/a | $ n/a |
|  |  | $ | $ |
|  |  | $ | $ |

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

☐ Home
   Value n/a

☐ Other real estate
   Value n/a

☐ Motor Vehicle #1
   Year, make & model n/a
   Value n/a

☐ Motor Vehicle #2
   Year, make & model n/a
   Value n/a

☐ Other assets
   Description n/a
   Value n/a

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| n/a | $ n/a | $ n/a |
| | $ | $ |
| | $ | $ |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| n/a | n/a | n/a |
| | | |
| | | |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, or annually to show the monthly rate.

| | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $ n/a | $ n/a |
| Are real estate taxes included? ☐ Yes ☐ No Is property insurance included? ☐ Yes ☐ No | | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ n/a | $ n/a |
| Home maintenance (repairs and upkeep) | $ n/a | $ n/a |
| Food | $ n/a | $ n/a |
| Clothing | $ n/a | $ n/a |
| Laundry and dry-cleaning | $ n/a | $ n/a |
| Medical and dental expenses | $ n/a | $ n/a |

|                                                                    | **You**      | **Your spouse** |
| ------------------------------------------------------------------ | ------------ | --------------- |
| Transportation (not including motor vehicle payments)              | $ n/a        | $ n/a           |
| Recreation, entertainment, newspapers, magazines, etc.             | $ n/a        | $ n/a           |

Insurance (not deducted from wages or included in mortgage payments)

|                                  | **You**  | **Your spouse** |
| -------------------------------- | -------- | --------------- |
| Homeowner's or renter's          | $ n/a    | $ n/a           |
| Life                             | $ n/a    | $ n/a           |
| Health                           | $ n/a    | $ n/a           |
| Motor Vehicle                    | $ n/a    | $ n/a           |
| Other: n/a                       | $        | $               |

Taxes (not deducted from wages or included in mortgage payments)

|                                  | **You**  | **Your spouse** |
| -------------------------------- | -------- | --------------- |
| (specify): n/a                   | $        | $               |

Installment payments

|                                  | **You**  | **Your spouse** |
| -------------------------------- | -------- | --------------- |
| Motor Vehicle                    | $ n/a    | $ n/a           |
| Credit card(s)                   | $ n/a    | $ n/a           |
| Department store(s)              | $ n/a    | $ n/a           |
| Other: n/a                       | $        | $               |
| Alimony, maintenance, and support paid to others | $ n/a | $ n/a |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ n/a | $ n/a |
| Other (specify): n/a             | $        | $               |
| **Total monthly expenses:**      | $ n/a    | $ n/a           |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

☐ Yes  ☒ No  If yes, describe on an attached sheet.

10. Have you paid – or will you be paying – an attorney any money for services in connection with this case, including the completion of this form?  ☐ Yes  ☒ No

If yes, how much? _____

If yes, state the attorney's name, address, and telephone number:  n/a

11. Have you paid—or will you be paying—anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

☐ Yes  ☒ No

If yes, how much? _____

If yes, state the person's name, address, and telephone number:  n/a

12. Provide any other information that will help explain why you cannot pay the costs of this case.

I'm not employed and do not earn money in my prison job assignment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: __May 21,_____ , 20 15

_Hiram Miles_____
(Signature)

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

_____ HIRAM MILES _____ — PETITIONER

(Your Name)

VS.

TEXAS COURT OF CRIMINAL APPEALS — RESPONDENT(S)

ON PETITION FOR A WRIT OF CERTIORARI TO

Court oF Criminal Appeals of Texas
_____
(NAME OF COURT THAT LAST RULED ON MERITS OF YOUR CASE)

PETITION FOR WRIT OF CERTIORARI

HIRAM MILES   TDCJ-CID NO. 785448
_____
(Your Name)

W.P. Clements Unit, 9601 Spur 591
_____
(Address)

Amarillo, Texas 79107-9606
_____
(City, State, Zip Code)

_____
(Phone Number)

**QUESTION(S) PRESENTED**

1.  Does The Due Process Clause Of The Fourteenth Amendment
    Permit The Texas Court Of Criminal Appeals To Deny Mandamus
    Relief On A Lower Courts Failure To Review A Pro Se
    Appellant's Brief Under The Anders Procedure Established
    By The United States Supreme Court?

2.  Does The Due Process Clause Of The Fourteenth Amendment
    Render The Mandamus Statute Unconstitutional When A State
    Appellate Court Fail To Follow Its Standard Of Review?

3.  Does The Due Process Clause Of The Fourteenth Amendment
    Allow Fraud On The Court By State Appellate Court Justices
    In Review Of United States Supreme Court Precedent?

## LIST OF PARTIES

[ ] All parties appear in the caption of the case on the cover page.

[x] All parties **do not** appear in the caption of the case on the cover page. A list of all parties to the proceeding in the court whose judgment is the subject of this petition is as follows:

Fourth Court of Appeals District of Texas

III.

# TABLE OF CONTENTS

OPINIONS BELOW............................................................................................... 1

JURISDICTION................................................................................................... 2

CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED ............................. 3

STATEMENT OF THE CASE ................................................................................ 4

REASONS FOR GRANTING THE WRIT ................................................................ 8

CONCLUSION................................................................................................... 17

# INDEX TO APPENDICES

APPENDIX A — Notice from Court of Criminal Appeals of Texas, dated: March 4,2015

APPENDIX B — Notice of Receipt By Clerk,dated: September 18,1998

APPENDIX C — Judgment/Opinion of the Fourth Court of Appeals, dated: March 3,1999

APPENDIX D — Order of the Fourth Court of Appeals,dated: July 20,1998

APPENDIX E — Findings of Fact,Conclusions of Law and Recommendation,Order,dated: October 4,2000

APPENDIX F

# TABLE OF AUTHORITIES CITED

CASES                                                    PAGE NUMBER

Allied Chemical Corp. v. Daiflon,Inc.,
101 S.Ct.188(1980)................................................8

Anders v. California, 67 S.Ct. 738(1967) ............... 9,10,11,16

Bulloch v. United States, 763 F.2d at 1121
(10th Cir.1985)........................................... 14

Carrio, Ex parte, 992 S.W.2d 486(Tex.Crim.App.1999) .... 15,16

Evitts v. Lucey, 105 S.Ct.830(1985) ..................... 9

Griffin v. Illinois, 76 S.Ct.585(1956) ................. 9

Hazel-Atlas Glass Co. v. Hartford Empire Co., 64
997(1944) ............................................... 14

Rodriguez v. State, 4 S.W.3d 227(Tex.Crim.App.1999) .... 8

Pennsylvania v. Finley, 107 S.Ct.1990(1987) ............ 9

Ross v. Moffit, 94 S.Ct.2437(1974) ..................... 9

Skinner v. Switzer, 131 S.Ct.1298(2011)................ 13

Stafford v. State, 813 S.W.2d 511(Tex.Crim.App.1991) ... 11

Stoddard v. Chambers, 43 U.S. 284,2 How.284,11 L.Ed.
269(U.S. Mo.1844) ....................................... 15

Strahan v. Blackburn, 750 F.2d 433(5th Cir.1985) ....... 16


STATUTES AND RULES

Article 4.04, Section 1, Texas Code of Criminal
Procedure ............................................... 11

Article 11.07, Section 5, Texas Code of Criminal
Procedure ............................................... 12

Article 5, Section 5, Texas Constitution ............... 11

IN THE

SUPREME COURT OF THE UNITED STATES

PETITION FOR WRIT OF CERTIORARI

Petitioner respectfully prays that a writ of certiorari issue to review the judgment below.

**OPINIONS BELOW**

[ ] For cases from **federal courts**:

The opinion of the United States court of appeals appears at Appendix _____ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

The opinion of the United States district court appears at Appendix _____ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

[ ] For cases from **state courts**:

The opinion of the highest state court to review the merits appears at Appendix __A__ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[x] is unpublished.

The opinion of the _____ court appears at Appendix _____ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

1.

## JURISDICTION

[ ] For cases from **federal courts**:

The date on which the United States Court of Appeals decided my case
was _____.

[ ] No petition for rehearing was timely filed in my case.

[ ] A timely petition for rehearing was denied by the United States Court of
Appeals on the following date: _____, and a copy of the
order denying rehearing appears at Appendix _____.

[ ] An extension of time to file the petition for a writ of certiorari was granted
to and including _____ (date) on _____ (date)
in Application No. ___ A _____.

The jurisdiction of this Court is invoked under 28 U. S. C. § 1254(1).

[ ] For cases from **state courts**:

The date on which the highest state court decided my case was __March 18, 2015__
A copy of that decision appears at Appendix ___A___.

[ ] A timely petition for rehearing was thereafter denied on the following date:
_____, and a copy of the order denying rehearing
appears at Appendix _____.

[ ] An extension of time to file the petition for a writ of certiorari was granted
to and including _____ (date) on _____ (date) in
Application No. ___ A _____.

The jurisdiction of this Court is invoked under 28 U. S. C. § 1257(a).

2

# CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

**Fourteenth Amendment,Section 1. United States Constitution**

Section 1 All persons born or naturalized in the United States,and subject to the jurisdiction thereof,are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty,or property,without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

**Section 1,Article 4.04, Texas Code Criminal Procedure**

The court of criminal appeals and each judge thereof shall have, and is hereby given, the power and authority to grant and issue and cause the issuance of writs of habeas corpus, and in criminal law matters, the writs of mandamus,procedendo,prohibition, and certiorari. The court and each judge thereof shall have and is hereby given, the power and authority to grant and issue and cause the issuance of such other writs as may be necessary to protect its jurisdiction or enforce its judgments.

## STATEMENT OF THE CASE

On January 4,1996, Petitioner Hiram Miles, was indicted for the offense of murder committed on or about October 10, 1995. **(Clerk's Record Vol.I,p.7)**

Jury trial commenced on March 31,1997, after a plea of not guilty, a verdict of guilty was returned on April 3,1997 and the jury assessed punishment on that same day at life imprisonment and $10,000 fine. **(Clerk's Record Vol.I,p.8); (Clerk's Record Vol.II,p.176)**

A notice of appeal was timely filed on April 17,1997.

On May 18,1998, court-appointed appellate counsel, Raymond Fuch, filed a "Anders Brief In Support of Motion to Withdraw As Counsel" with the Fourt hCourt of Appeals in Appeal No.04-97-00313-CR.

Mr. Fuch provided Petitioner with a copy of the Ander's Brief advisig him of his right to review the record and file a Pro Se Brief raising any ground he consider has merit. Mr. Fuch, also, informed him of the time limitation to file the brief suggesting that Petitioner request an extension of time from the Fourth Court of Appeals.

On July 9,1998, Petitioner Miles wrote the Fourth Court of Appeals asking ofr his records by motion to file his brief.

On July 20,1998, the Fourth Court of Appeals asknowledged in a Order that Petitioner asserted his right to file a pro

4.

se brief. This Order directed the Bexar County District Clerk to prepare and send a full and complete duplicate copy of the Clerk's and Reporter's Records for Cause Number 1996-CR-0010 to Petitioner. **(Appendix D:** Order of the Fourth Court of Appeals dated July 20,1998)

This Order granted an extension of time stating that "the Pro Se Brief is due on or before the 18th day of September 1998." see also **(Appendix D)**

On September 18,1998, Fourth Court of Appeals Clerk, Mr. Herb Schaefer, acknowledged receipt and filing of the "Pro Se Appellant Brief" for the Court. see **(Appendix B:** Notice of Receipt By Clerk,dated September 18,1998)

After being provided with a copy of the brief,Enrico B. Vadez, the State's Attorney filed three(3) motins for extensions of time, filing its reply brief on the 19th day of January 1999.

On February 4,1999, Petitioner Miles was notified by Clerk Schaefer that the Court set a formal submission on "Briefs" for the 2nd day of March, A.D. 1999.

On MArch 3,1999, Justice Karen Angelini delivered the Opinion for the court of appeals affirming Petitioner Miles conviction by review of the brief filed by appellate counsel Mr. Fuchs and the record on appeal,agreeing that the appeal is frivolous and without merit granting counsel's motion to withdraw. see **(Appendix C :** Judgment/Opinion Of The Fourth Court of Appeals,dated March 3,1999)

Justice Angelini in her Opinion states "Miles has not

5.

filed a brief." Id.

Petitioner Miles filed his initial application for writ of habeas corpus on January 18,2000. On August 16,2000 it was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing. See **Trial Court No. 1996-CR-0010-WI; Writ No. WR-46,247-01.**

On July 31,2000, a second application for a writ of habeas corpus was filed and denied on November 8,2000 without written order based on the finding s of the trial court without a hearing. see **Trial Court No.1996-CR-0010-W2;Writ No. WR-46,247-02.**

On September 18,2000, a third application for a writ of habeas corpus was filed supplementing the second application by the trial court. The trial court found that Petitioner had timely filed his pro se appellant brief pursuant to Anders v. California and recommended that relief be granted. see **(Appendix E:** Pages 2-4, Findings of Fact,Conclusions of Law and Recommend-ation,ORDER**)**

On November 8,2000, the Texas Court of Criminal Appeals dismissed without written order labeling the supplemental application a subsequent application. see **(Ex parte Hiram Miles Writ No. WR-46,247-03)**

On March 4,2015, Petitioner Miles filed a Petition for Writ of Mandamus and Prohibition in the Court of Criminal Appeals of Texas asking the court under the mandamus standard of review to force the lower Fourth Court of Appeals to review the Pro

6.

Se Appellant Brief filed pursuant to Anders v. California standard of review. see **(Appendix A:** Notice from Court of Criminal Appeals Of Texas,dated March 4,2015**)**

On March 18,2015, the Court of Criminal Appeals of Texas denied without written order the Original Application for Writ of Mandamus and Prohibition. see **(Appendix A:** Notice from Court of Criminal Appeals Of Texas,dated March 18,2015**)**

## REASONS FOR GRANTING THE PETITION

The state court of last resort, on mandamus review, denied relief on a important federal question in a way that conflicts with relevant decisions of this Court through denial of mandamus relief, rendering the mandamus statute unconstitutional. See (Appendix A: Notice from Court of Criminal Appeals of Texas,dated: March 18,2015)

**Mandamus Standard Of Review**

Mandamus review has a universal standard of review to be applied in extraordinary circumstances.

The Texas mandamus standard of review requires the Petitioner to show:

1) A clear right to relief usually when the judicial conduct in question violates a ministerial duty, and

2) No adequate remedy at law to redress the alleged harm

see **Rodriguez v. State,** 4 S.W.3d 227 (Tex.Crim.App.1999);see also **Allied Chemical Corp. v. Daiflon,Inc.,** 101 S.Ct.188 (1980)

**A Clear Right To Relief Usually When The Judicial Conduct In Question Violates A Ministerial Duty**

Petitioner Miles demonstrates in the mandamus to the Court of Criminal Appeals of Texas that he has a clear right to the Relief sought under mandamus review.

The Equal Protection Clause and Due Process Clause of the Fourteenth Amendment converge to require that a State's

8.

procedure "affor[d] adequate and effective appellate review to indigent defendants," **Griffin v. Illinois**, 351 U.S., at 20, 76 S.Ct. 585,100 L.Ed. 891(1956)(plurality opinion)

Compare Finley with Lucey, where the U.S. Supreme Court held "the equal protection guarantee...only...assure[s] the indigent defendant an adequate opportunity to present his claims fairly in the context of the State's appellate process. see **Pennsylvania v. Finley**, 481 U.S.,at 556,107 S.Ct.1990,95 L.Ed.2d 539(1987)(quoting Ross v. Moffit, 417 U.S.,at 616,94 S.Ct.2437,41 L.Ed.2d 821(1974) and Lucey's holding that "[D]ue process...[requires] State's ... to offer each defendant a fair opportunity to obtain an adjudication on the merits of his appeal. **Evitts v. Lucey**,469 U.S.,at 405,105 S.Ct.830,83 L.Ed. 2d 821(1985)(quoting Griffin,351 U.S.,at 20,76 S.Ct.585 (plurality opinion)

The U.S. Supreme Court mandates that "a criminal appellant pursuing a first appeal as of right [the] minimum safeguards necessary to make that appeal 'adequate and effective," established the Anders procedure to ensure that indigent defendants are afforded their right to an adequate appeal under the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution when a appointed Appeal counsel alleges that the appeal is frivolous.

This Honorable Supreme Court of the United States, long ago, established a three (3) step procedure to determine if an indigent's appeal is wholly frivolous. See **Anders v.**

9.

**California,** 386 U.S. 738 (1967)

These steps are triggered when appointed appellate counsel alleges that an appeal is frivolous and without merit.

**Counsel's Role** – Appointed counsel must make a conscientious review of the record to decide if it presents any nonfrivolous grounds for appeal. If this review convinces appointed counsel the appeal is wholly frivolous, he must ask the court for permission to withdraw. But he must file "a brief referring to anything in the record that might arguably support the appeal" and provide the appellant with a copy of this brief. **Anders,** 386 U.S. at 744

**Appellant's Role** – If appointed counsel files a motion to withdraw and brief complying with Anders, the court must provide the appellant with time to file a pro se brief "to raise any points he chooses...," **Id.** The pro se brief is the appellant's opportunity to help the court decide if the record on appeal raises any nonfrivolous ground for appeal. See **(Appendix B: Notice of Receipt By Clerk,** dated September 18, 1998**)**

**Court's Role** – After the appellant has been given an opportunity to file a pro se brief, the court must conduct a "full examination of all proceedings, to determine whether the case is wholly frivolous." To make this determination, the court reviews the Anders brief filed by appointed counsel, the record on appeal, and **any pro se brief filed by the appellant.** If the court establishes the appeal is wholly frivolous, it affirms the judgment. But, if the review reveals an arguable ground for appeal, the court must appoint another attorney to assist the appellant in arguing the appeal. **Id**

The above procedures are a ministerial duty on part of the court of appeals, mandated by the Supreme Court of the United States and is not left to any lower courts discretion. See **Anders,** supra.

The Court of Criminal Appeals of Texas adopted the Anders three (3) step procedural requirement through its decision in

**Stafford v. State**,813 S.W.2d 511 (Tex.Crim.App.1991);see also **Anders v. California**,386 U.S. 738(1967)

The Court of Criminal Appeals of Texas has been given the jurisdiction by the State Legislature to review mandamus on ministerial duty violations. see **Section 1,Article 4.04, Texas Code of Criminal Procdure.**

> **Section 1,Article 4.04, TEX.CODE CRIM.PRO.,provides:**
>
> The court of criminal appeals and each judge thereof shall have,and is hereby given,the power and authority to grant and issue and cause the issuance of writs of habeas corpus,and,in criminal law matters,the writs of mandamus,procedendo,prohibition,and certiorari. The court and each judge thereof shall have and is hereby given, the power and authority to grant and issue and cause the issuance of such other writs as may be necessary to protect its jurisdiction or enforce its judgments.

See also **Article 5, Section 5, Texas Constitution**

Therefore, the highest state appellate court has jurisdiction to enforce its judgment by mandamus review of the ministerial duty violation by the Fourth Court of Appeals as mandated by **Stafford**,supra; **Anders**,supra.

After appointed counsel's filing of an Anders Brief and Motion to Withdraw and upon receipt of the Clerk's and Reporter's Records, Petitioner did not agree with counsel's finding that the appeal was frivolous and asserted his right under Anders.

Petitioner fulfilled his role as required pursuant to the Anders procedure by timely filing his "Pro Se Appellant's Brief" on September 18,1998. See **(Appendix B:** Notice of Receipt By Clerk,dated September 18,1998**)**

11.

The Fourth Court of Appeals did not perform its judicial function prior to rendering judgment by stating in its Opinion "Miles has not filed a brief," ignoring its ministerial duty to review the pro se brief when competent court records and notice of receipt by the Fourth Court of Appeals Clerk certify otherwise. see **(Appendix B:** Notice of Receipt By Clerk,dated September 18,1998**)**; see also **(Appendix C:** Opinion/Judgment of the Fourth Court of Appeals,dated March 3,1999**)**

As a result of the Fourth Court of Appeals ministerial duty violation by not reviewing the Pro Se Brief pursuant to Anders establishes that he has a clear right to the relief sought under the first prong of the mandamus review requirement.

**No Adequate Remedy At Law To Redress The Alleged Harm**

Petitioner Miles pursued the mandamus standard revealing that he had no adequate remedy at law to redress the alleged harm due, in part, to the Petitioner being unable to pursue the only avenue of relief from fraud on the court and due process of law violation whereby Section 4,Article 11.07, Tex.Code Crim. Pro., does not redress the harm done to Petitioner Miles by the Fourth Court of Appeals to this date.

In addition, Section 5,Article 11.07 of the Texas Code of Criminal Procedure, "after conviction the procedure outlined in the Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisioner."

12.

Therefore, Article 11.07 application for a writ of habeas corpus is the only avenue for relief from the fraudently obtained judgment by the Fourth Court of Appeals, pushing Petitioner Miles down the mandamus road for relief.

The Court of Criminal Appeals of Texas is under a duty, even though discretionary, to review the mandamus filed against the court of appeals and grant the relief requested after the Petitioner has shown, extensively, evidence that warranted the granting of the relief requested.

According to Skinner, when courts do not adhere to and follow statutes, then that statute is unconstitutional. see **Skinner v. Switzer**, 131 S.Ct., at 1298 (2011)

Petitioner in this case followed the letter of the law at each mandamus prong of review and was denied. When Your Petitioner meets every prong necessary for the Court of Criminal Appeals review of a violation of law put into effect by this High Court on the rights secured under the Fourteenth Amendment to the United States Constitution, that mandamus standard of review followed by Petitioner should be unconstitutional as held in **Skinner.** ,@ 1298 Id.

**Fraud On The Court**

In addition, the court's denial of mandamus relief is an attempt to affirm "Fraud on the Court," where the Justices of the Fourth Court of Appeals have not performed their judicial functions mandated by Anders - thus where the impartial functions

13.

of the court have been directly corrupted. see **Bulloch v. United States**, 763 F.2d at 1121 n.3 (10th Cir.1985)(en banc)(Quoting **Hazel-Atlas Glass Co. v. Hartford Empire Co.**, 322 U.S. 238,64 S.Ct.997,88 L.Ed.1250 (1944))

This Honorable Supremem Court of the United States has established that "The historic power of equity to set aside fraudulently begotten judgments," **Hazel-Atlas**, 322 U.S.,at 245, 64 S.Ct.,at 1001, is necessary to the integrity of the courts, for "tampering with the administration of justice in [this] manner ... involves far more than an injury to a single litigant.

It is a wrong against the institutions set up to protect and safeguard the public."

In this case, the Fourth Court of Appeals is tampering with the administration of justice, a right established by the U.S. Supreme Court in Anders v. California to ensure that a Petitioner's right to an appeal is secure and not discarded by appointed counsel as frivolous when the appeal has merit.

Petitioner's calim not only affects his appeal but the thousands of other indigent's on appeal. When a indigent files his own pro se brief in disagreement to appointed counsel's claim that the appeal is frivolous raising nonfrivolous grounds and the Court of Appeals simply claims that the Petitioner did not file a brief when records show otherwise is "Fraud on the Court," and tampers with the administration of justice involving far more than an injury to a single litigant. Id.

It has been determined by this High Court long ago, that

14.

"Fraud will void a judgment." see **Stoddard v. Chambers**, 43 U.S. 284, 2 How. 284,11 L.Ed.269 (U.S. Mo.1844)

Your Petitioner asks this Honorable High Court to hold the fraudulently obtained judgments, brought under mandamus review proceedings and ignored, void and issue an Order directing the Court of Criminal Appeals of Texas to review and grant the relief requested therein.

## Laches Not Applicable

The Court of Criminal of Texas gives no reason for its white-card denial of the mandamus.

The only reasonable and rational cause for denying the mandamus would be the respondents asserting the defense of laches which would ultimately fail after review of the mandamus in its entirety.

In Carrio, the State in determing laches has a three (3) prong test to prove whether it applies to the claim.

It is the burden of the State to:

1) make a particularized showing of prejudice,

2) show that the prejudice was caused by the petitioner having filed a late petition,and

3) show that the petitioner has not acted with reasonable diligence as a matter of law.

The Court of Criminal Appeals explained that the type of prejudice that must be shown is prejudice in its ability to respond to the allegations in the petition. **Ex parte Carrio**, 992 S.W.2d 486 (Tex.Crim.App.1999)

15.

After the filing of the "Pro Se Appellant's Brief" the State's Attorney responded to the Pro Se Brief filing three (3) motions for extensions of time to answer the brief filed by Appellant.

The Fourth Court of Appeals cannot make a particularized showing of prejudice and is the only way to defeat the mandamus petition. The Court of Criminal Appeals states that "The doctrine of laches concerns prejudice, not mere passage of time. **Carrio**, 992 S.W.2d at 488 n.2,3(Tex.Crim.App.1999); see also **Strahan v. Blackburn**, 750 F.2d at 443(5th Cir.1985)

The Fourth Court of Apppeals ministerial duty would be to review the "Appellant's Pro Se Brief and State's Brief® on file as mandated by this Honorable Court in Anders. See **Anders v. California**, 386 U.S. 738 (1967)

If at any, prejudice is present in this case it would be the Appellant not being able to take advantage of new case law or changes in the law since the filing of his brief.

16.

Petitioner has pursued a petition for writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort via writ of mandamus on a courts denial of an important federal question in a way that conflicts with relevant decisions of this Court's mandates in the Anders v. California procedures imposed on all State's.

The State court of last resort ignored the fraud involoved in this case as well as the U.S. Supreme Court's precedent on review of an Anders Brief, by denying relief on mandamus review.

## CONCLUSION

The Court of Criminal Appeals of Texas has rendered the mandamus statute unconstitutional after Petitioner met the standard. The petition for a writ of certiorari should be granted.

Respectfully submitted,

May 21, 2015 Hiram Mила

Date: May 21, 2015

17.

APPENDIX - A

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE**

**3/4/2015**
**MILES, HIRAM**                    Tr. Ct. No.

02 1R          $ 00.26⁵
0006557458     MAR 11 2015
MAILED FROM ZI**WR-46,247-12**

On this day, the original application for writ of mandamus has been received and presented to the Court.

Abel Acosta, Clerk

HIRAM MILES
CLEMENTS UNIT - TDC# 785448
9601 SPUR 591
AMARILLO, TX 79107-9606

)9Y40

IEBN3B 79107

---

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE**

**3/18/2015**
**MILES, HIRAM**                    Tr. Ct. No.

02 1R          $ 00.26⁵
0006557458     MAR 19 2015
MAILED FROM ZIP CODE 78701
**WR-46,247-12**

This is to advise that the Court has denied without written order motion for leave to file the original application for writ of mandamus.

Abel Acosta, Clerk

HIRAM MILES
CLEMENTS UNIT - TDC# 785448
9601 SPUR 591
AMARILLO, TX 79107-9606

)9Y40

N3B 79107

# APPENDIX - B

COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
300 DOLOROSA, SUITE 3200
BEXAR COUNTY CRIMINAL JUSTICE CENTER
SAN ANTONIO, TEXAS 78205-3037
HERB SCHAEFER, CLERK

September 18, 1998

Raymond E. Fuchs
ATTORNEY AT LAW
Washington Square Bldg., Suite 101
800 Dolorosa Street
San Antonio, TX 78207

Hiram Miles
TDCJ-ID No. 785448
Hughes Unit
Rt. 2, Box 4400
Gatesville, TX 76597

Edward F. Shaughnessy, III
Assistant Criminal District Attorney
Bexar County Justice Center
300 Dolorosa, Suite 4025
San Antonio, TX 78205-3030

RE:  Court of Appeals Number:  04-97-00313-CR
     Trial Court Case Number:  96-CR-0010

Style:  Hiram Miles
        v.
        The State of Texas

Dear Counsel and Mr. Miles:

The Pro Se Brief has this date been received and filed in the above styled and numbered cause.

Very truly yours,

HERB SCHAEFER, CLERK

Apryl Stirling, Deputy Clerk

APPENDIX - C

# OPINION

No. 04-97-00313-CR

Hiram MILES,
Appellant

v.

The STATE of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 96-CR-0010
Honorable Sharon MacRae, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:   Tom Rickhoff, Justice
Paul W. Green, Justice
Karen Angelini, Justice

Delivered and Filed: March 3, 1999

AFFIRMED

Hiram Miles was convicted by jury of murder and sentenced to life imprisonment. Miles'
court-appointed attorney has filed a brief in which he raises two arguable points of error, but
nonetheless concludes that this appeal is frivolous and without merit. *Anders v. California*, 386 U.S.
738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief meets the
requirements of *Anders*. Counsel has provided Miles with a copy of the brief and advised him of his

right to review the record and file a *pro se* brief. *Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.). Miles has not filed a brief.

After reviewing the record and counsel's brief, we agree that the appeal is frivolous and without merit. The judgment of the trial court is affirmed, and counsel's motion to withdraw is granted. *Nichols*, 954 S.W.2d at 86.

Karen Angelini, Justice

DO NOT PUBLISH

# JUDGMENT

### No. 04-97-00313-CR

Hiram MILES,
Appellant

v.

The STATE of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 96-CR-0010
Honorable Sharon Macrae, Judge Presiding

**BEFORE JUSTICE RICKHOFF, JUSTICE GREEN, AND JUSTICE ANGELINI**

In accordance with this court's opinion of this date, the judgment of the trial court is AFFIRMED, and the motion to withdraw as counsel is GRANTED.

SIGNED March 3, 1999.

_____
KAREN ANGELINI
JUSTICE

APPENDIX - D

July 20, 1998

No. 04-97-00313-CR

Hiram MILES,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 96-CR-0010
Honorable Sharon MacRae, Judge Presiding

## ORDER

Appellant's attorney filed an *Anders* brief in this appeal. *Anders v. California*, 386 S.W.2d 738 (1967). Appellant has asserted his right to file a *pro se* brief and on July 9, 1998, filed a motion to obtain a copy of the record.

We therefore **ORDER** the District Clerk of Bexar County to prepare and send a full and complete duplicate copy of the clerk's and reporter's records for cause number 96-CR-0010 to appellant at Hiram Miles, TDCJ-ID No. 785448, Route 2, Box 4400, Gatesville, TX 76597. Appellant's *pro se* brief is due on or before the 18th day of September, 1998. The State's brief is due 30 days after appellant's brief is filed.

It is so **ORDERED** on July 20, 1998.

_____
Sarah B. Duncan, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 20th day of July, 1998.

_____
Herb Schaefer, Clerk

APPENDIX - E

EX PARTE

§      IN THE DISTRICT COURT

§      290TH JUDICIAL DISTRICT

**HIRAM MILES**

§      BEXAR COUNTY, TEXAS

## ORDER

Applicant, **Hiram Miles**, has filed an application for post-conviction writ of habeas corpus under the provisions of article 11.07 of the Texas Code of Criminal Procedure, collaterally attacking his conviction in cause number 96-CR-0010 See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 1999).

## History of the Case

On April 3, 1997, after a trial by jury, Applicant was convicted of the felony offense of **murder** and punishment was assessed at **life imprisonment** in the Texas Department of Criminal Justice Institutional Division. The Fourth Court of Appeals **affirmed** applicant's conviction in appellate cause number 04-97-00313-CR. Applicant filed an initial application for writ of habeas corpus on January 18, 2000. The Court of Criminal Appeals **denied** the writ without a hearing on August 16, 2000, under CCA number 46,247-01. Applicant filed a second application for writ of habeas corpus on July 31, 2000. (Cause Number 1996-CR-0010-W2). This application for writ of habeas corpus was filed on September

18, 2000, and seems to supplement Applicant's second application.

## Allegations of Applicant

1. Applicant alleges that his Sixth and Fourteenth Amendment rights were violated under the United States Constitution because the Fourth Court of Appeals failed to consider Applicant's pro se brief..

## Findings of Fact

1. Applicant filed an initial writ of habeas corpus on January 18, 2000. A second application for writ of habeas corpus was filed on July 31, 2000. The Court of Criminal Appeals denied applicant's initial writ of habeas corpus on August 16, 2000, after Applicant filed a second application. The instant application appears to supplement his second application for writ of habeas corpus.

2. Ray Fuchs represented the Applicant on Appeal. Mr. Fuchs filed an affidavit on March 7, 2000, which was attached to the Court's order on Applicant's initial writ of habeas corpus as Attachment II. The affidavit is also germane to the allegations raised in the instant application for writ of habeas corpus. (Attachment I).

3. Mr. Fuchs filed an <u>Anders</u> brief with the Fourth Court of

2

Appeals stating that he could not find any arguable points of error. The Fourth Court of Appeals found the brief to be sufficient under <u>Anders v. California</u>, 386 U.S. 738 (1967) and <u>High v. State</u>, 573 S.W.2d 807 (Tex.Crim.App. 1978). Mr. Fuchs sent the Applicant a copy of the brief along with an explanation of Applicant's appellate rights and deadlines.

4. In a letter dated September 18, 1998, Fourth Court of Appeals acknowledges receiving a copy of Applicant's pro se brief. (Applicant's Application Attachment 4).

5. On March 3, 1999, the Fourth Court of Appeals issued an opinion under appellate cause number 04-97-00313-CR affirming Applicant's conviction. The opinion states that Applicant did not file a pro se brief. The Fourth Court of Appeals also granted Mr. Fuch's motion to withdraw as counsel of record. The Fourth Court of Appeal issued a mandate from this opinion on May 5, 1999.

6. The Court finds that the Fourth Court of Appeals did not consider Applicant's pro se brief.

### CONCLUSION OF LAW

1. Since the instant application for writ of habeas corpus is, in essence, a supplement to Applicant's second writ of habeas corpus, which was filed before the final disposition of Applicant's

3

initial writ of habeas corpus, it is not barred under section 4 of the article 11.7 of the Texas Code of Criminal Procedure. <u>See</u> Tex. Code Crim. Proc. art. 11.07(4) (Vernon's 2000).

2. The Fourth Court of Appeals opinion on the instant case fails to take into consideration Applicant's pro se brief filed on September 18, 1998, against the reasoning of <u>Anders v. California</u>, 386 U.S. 738 (1967) and <u>High v. State</u>, 573 S.W.2d 807 (Tex.Crim.App. 1978) and their progeny. Accordingly, Applicant has produced an unresolved fact relevant to the legality of his confinement. The Court recommends that this writ of habeas corpus be **GRANTED** and the cause be remanded to the Fourth Court of Appeals so that it can take Applicant's pro se brief into consideration.

## ORDERS

The District Clerk of Bexar County, Texas, is hereby ordered to prepare a copy of this document, together with any attachments and forward the same to the following person by mail or the most practical means:

    a.    The Court of Criminal Appeals
            Capitol Station
            Austin, Texas 78711

    b.    Hon. Susan D. Reed
            Criminal District Attorney
            Bexar County Justice Center
            Bexar County, Texas 78205

c.    Hiram Miles
     TDCJ-ID#784448
     3060 FM 3514
     Beaumont, Texas 77705

Signed this _4_ day of _____, 2000.

_____
JUDGE PRESIDING

5